# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUKHAMMADAMINKHUJA RAKHIMHUDJA OGLI AKBARKHUJAEV <br>  5680 Scioto Crest Drive, Unit 302 <br>  Dublin, OH 43017 <br><br>               Plaintiff(s) <br><br>               v. <br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security; <br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services; <br>  2707 Martin Luther King Jr. Ave, SE <br>  Washington, DC 20528-0485 <br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice; <br>  950 Pennsylvania Avenue, NW <br>  Washington, DC 20530-0001 <br><br>               Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No 1:22-cv-3268 |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, Indiana 46268, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

# INTRODUCTION

COMES NOW MUKHAMMADAMINKHUJA RAKHIMHUDJA OGLI AKBARKHUJAEV, (hereinafter "Plaintiff AKBARKHUJAEV" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff AKBARKHUJAEV is a citizen of Uzbekistan who was granted asylee status in the U.S. on January 23, 2020. Having accumulated one year or more of time in asylee status, he has the right to apply for permanent resident status by filing Form I-485, Application to Register or Adjustment of Status ("Application")[1]. Plaintiff's Application was properly and completely filed on January 29, 2021.

2. This action is brought as a result of Defendants' failure to adjudicate Plaintiff's Application within a reasonable period of time. The Application has been in pending status since January 29, 2021, for a period of over 20 months (over one year and eight months or 634 days). Historically, from 2017 to 2020, applications to register permanent residence or adjust status have been adjudicated on average within 6.3 months.[2] Plaintiff's Application has been pending for over 20 months, which is almost three and a half times the historical average processing time for similar filings based on a grant of asylum more than one year ago.

3. The Plaintiff has a clear right to adjudication of his Application in a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

---

[1] Under federal immigration law, a non-U.S. citizen who is granted asylum gains multiple benefits, which include employment authorization, derivative asylum status for family members, an unrestricted social security card, employment assistance, and the ability to apply for adjustment of status to permanent residence after one (1) year. *See* Exhibit A*;* 8 USC § 1158, 1159; INA § 208, 209.

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

4. On August 10, 2021, Plaintiff was informed that he would not be required to appear at a USCIS Application Support Center for biometrics because his previously captured fingerprints and other biometrics would be reused by USCIS.

5. Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Application; COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

6. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants, and those acting under them, to take action on the Application.

## PARTIES

7. Plaintiff MUKHAMMADAMINKHUJA RAKHIMHUDJA OGLI AKBARKHUJAEV is a resident of Franklin County, Ohio. He is the applicant of a Form I-485, Application for Adjustment of Status.

8. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

10. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of

Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

13. The Plaintiff has repeatedly requested the Defendants to adjudicate his Application. Further, Plaintiff has initiated numerous inquiries with USCIS directly, without receiving any meaningful response.

14. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied USCIS with documents that establish his eligibility for the approval of his Application.

15. There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

16. On January 23, 2020, Plaintiff AKBARKHUJAEV was granted asylee status. **[EXHIBIT A].**

17. On January 29, 2021, Plaintiff AKBARKHUJAEV properly filed Form I-485, Application for Adjustment of Status with USCIS (Receipt# MSC2190853297). **[EXHIBIT B].**

18. On August 10, 2021, Plaintiff received a notice from USCIS informing him that the Service would be able to use his previously captured fingerprints and other biometrics, and as such, he would not be required to appear at a USCIS Application Support Center. **[EXHIBIT C].**

19. Since informing the Plaintiff that his previously captured fingerprints and biometrics would be used, USCIS has made no further requests for information or evidence of the Plaintiff, nor have they scheduled Plaintiff for an interview.

20. Plaintiff has made numerous inquiries over the past one year and eight months with USCIS and has requested the adjudication of his Application.

21. Plaintiff AKBARKHUJAEV's continued inquiries with USCIS have not resulted in any meaningful response.

22. Historically, from 2017 to 2020, applications to register permanent residence or adjust status have been adjudicated on average within 6.3 months.[3] Plaintiff's Application has now been pending for over 20 months, which is almost three and a half times the historical average processing time for similar filings based on a grant of asylum more than one year ago.[4]

23. Defendants have refused to provide further explanation which would merit the need for almost three and a half times the historical processing time.

24. Plaintiff AKBARKHUJAEV has endured significant financial and emotional burdens as a result of the unreasonable period of time that his case has been pending without action by USCIS.

---

[3] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt
[4] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

25.	Plaintiff AKBARKHUJAEV has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction

## COUNT I

### VIOLATION OF THE APA - APPLICATION

26.	All prior paragraphs are re-alleged as if fully stated herein.

27.	Plaintiff AKBARKHUJAEV has a statutory right to apply for adjustment of his status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 209(a).

28.	Defendants have a duty to adjudicate Plaintiff AKBARKHUJAEV's Application within a reasonable period of time under 5 U.S.C. §555(b).

29.	The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

30.	No other adequate remedy is available to Plaintiff.

31.	Defendants have sufficient information and documentation about Plaintiff to adjudicate the Application.

32.	Given the Defendants' lack of a reason for not making a decision on Plaintiff AKBARKHUJAEV's Form I-1485 Application for over 20 months (over one year and eight months or 634 days), Plaintiff's Application has been pending for an unreasonably long period of time.

33.	Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

34. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff AKBARKHUJAEV's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff AKBARKHUJAEV's case.

35. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff AKBARKHUJAEV's Application, thereby depriving Plaintiff of the rights to which he is entitled.

36. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Further, Plaintiff AKBARKHUJAEV has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff AKBARKHUJAEV's Adjustment Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff AKBARKHUJAEV's Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: October 26, 2022                                                                                            Respectfully submitted,

      /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*